```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

RAY M. SCHREINER,

               Petitioner,

v.                                   Case No. 3:06-cv-494-32MCR

JAMES R. MCDONOUGH,
et al.,

               Respondents.

## ORDER[1]

### I. Status

Petitioner Ray M. Schreiner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on April 17, 2006. In the Petition, Petitioner challenges his 2005 state court (Duval County, Florida) conviction for driving while his license was permanently revoked on the following ground: the state trial court erred in denying his motion for judgment of acquittal on the charge of driving while his license was permanently revoked.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

Respondents filed an Answer in Response to Order to Show Cause (Doc. #7) (hereinafter Response) with exhibits in support of their Response.[2] Petitioner was instructed on how to properly respond to a motion to dismiss and/or for summary judgment. See Court's Order to Show Cause and Notice to Petitioner (Doc. #6). Petitioner has replied. See Petitioner's Traverse (Doc. #10); Petitioner's Points and Authorities in Support of Traverse (Doc. #11). This case is now ripe for review.

## II. Procedural History

On December 13, 2004, the State charged Petitioner with driving while his license was permanently revoked, stating in pertinent part:

> RAY MARVIN SCHREINER on the 24th day of November, 2004, in the County of Duval and the State of Florida, did drive a motor vehicle upon the highways of this state, while his license was permanently revoked pursuant to Section 322.26 or Section 322.28, Florida Statutes, contrary to the provisions of Section 322.341, Florida Statutes.

Ex. A, Information. After a jury trial on March 2, 2005, Petitioner was found guilty as charged. Ex. C, Transcript of the Jury Trial (hereinafter Tr.) at 267. At the April 5, 2005, sentencing hearing, Petitioner apologized for driving and stated: "I knew I shouldn't have, and it was the wrong thing to do." Ex.

---

[2] Respondents' exhibits will be hereinafter referred to as "Ex."

F at 22.  The trial judge sentenced Petitioner to a four-year term of incarceration.  Ex. B; Ex. F at 30.

On appeal, Petitioner raised one ground:  the trial court erred in denying his motion for judgment of acquittal on the charge of driving while his license was permanently revoked.  Ex. G, Initial Brief of Appellant.  The State filed an Answer Brief, and Petitioner filed a Reply Brief.  Ex. H; Ex. I.  On March 20, 2006, the appellate court per curiam affirmed without issuing a written opinion.  Schreiner v. State, 925 So.2d 316 (Fla. 1st DCA 2006); Ex. J.  The mandate was issued on April 5, 2006.  Ex. J.

Petitioner Schreiner's Petition (signed on April 14, 2006, and filed on April 17, 2006) is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 7-8.[3]

### III. Evidentiary Hearing

A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief.  Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  The Court can "adequately assess [Petitioner's] claim[s] without further

---

[3] Petitioner's conviction became final ninety days after entry of the judgment.  See Supreme Court Rule 13.3.

factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, an evidentiary hearing will not be conducted by this Court.

### IV. Standard of Review

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA). Since this action was filed after the effective date of AEDPA, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA.

> The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this [action] and limits our review of the decisions of the state courts:
>
>> A federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.
>
> Clark v. Crosby, 335 F.3d 1303, 1307-08 (11th Cir. 2003) (citations omitted). . . .

Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir.), cert. denied, 126 S.Ct. 803 (2005). Furthermore, AEDPA also directs that a presumption of correctness be afforded to factual

4

findings of state courts, which may be rebutted only by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 776 (11th Cir. 2003), cert. denied, 540 U.S. 1222 (2004); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts, it must be evaluated under the new § 2254(d).

### V. Findings of Fact and Conclusions of Law

Petitioner claims that the state trial court erred in denying his motion for judgment of acquittal on the charge of driving while his license was permanently revoked. Specifically, Petitioner claims:

> Because the document relied upon by the State to prove that notice of revocation was given to Petitioner, does not establish that notice was provided, and could not establish that notice was provided, all of the elements of the charged offense were not proven and Petitioner's motion for judgment of acquittal should have been granted.

Petition, attached Argument at 4.

5

At the jury trial, the prosecution presented the testimony of Liz Damgard, a senior liaison officer for the Department of Highway Safety and Motor Vehicles (hereinafter DHSMV) who serves as a liaison officer between the Clerks of Court offices and law enforcement officers for seventeen counties. Tr. at 179. At the time of the trial, she had worked for the DHSMV for eighteen years. Id. She confirmed that the DHSMV maintains the records of individual drivers in Florida in the ordinary course of business. Id. She further affirmed that the driving records of the department are updated at or near the time new information is received by the department about individual drivers. Id. at 179-80. The information is received from a variety of sources, both paper documents and electronic reports. Id. at 180. She testified that she was familiar with Petitioner's driving record and that it was the official record maintained and kept by the department. Id. Ms. Damgard testified that Petitioner's "current [driving] status is permanent revocation." Id. at 180. She further stated that Petitioner was informed that his license was permanently revoked. Id. at 181.

The prosecution introduced the DHSMV's official driving record of Petitioner Ray Marvin Schreiner, and Ms. Damgard identified his driving record and testified that it was a true and accurate reflection of his driving record. Id. She testified that notice of the permanent revocation was mailed to him on February 11, 2002,

at the address that he had provided to the DHSMV at that time. Id. at 182. The redacted version of the certified copy of his official driving record was admitted into evidence, as State's exhibit 1, over defense counsel's hearsay objection. Id. at 182-83. The redacted version (excluding the convictions and substance abuse treatment programs reflected on the driver's record) was provided to the jury for review, and the complete version was entered as a court exhibit for the appellate record. Id. at 182-83, 204; Ex. D, (redacted version); Ex. E (complete version).[4]

On cross-examination, Ms. Damgard stated that she had no personal familiarity with Petitioner. Id. at 184. She also testified that she had no personal knowledge as to whether the notice was sent other than what was reflected on the driver's record. Id. at 185. Additionally, Ms. Damgard stated that she could not testify as to whether Petitioner was living at the address where the letter was sent; however, changes of address were entered into Petitioner's records in 1997 and 2003. Id. at 186, 188. She testified that the notice of permanent revocation of Petitioner's driving privileges was sent to him, by regular mail, at the address he last provided to the DHSMV. Id. at 187, 189.

---

[4] The driving record (State's exhibit 1) contains a certification from Sandra C. Lambert, Director of the Division of Driver Licenses, DHSMV, that she is the custodian of records for the division and that the record was a true and correct copy of Petitioner's driving record as taken from the official records on file with the department. See Ex. D.

After the State rested its case, defense counsel moved for a judgment of acquittal "based upon the State's failure to make a prima facie case with regards to the elements required" in that "there is no evidence that notice was ever properly given to Mr. Schreiner." Id. at 212. The State responded that it had met its burden based on State v. Miller, 830 So.2d 214 (Fla. 2nd DCA 2002).[5] Tr. at 212. The prosecutor argued:

> In it [State v. Miller] the court found that the state -- a prima facie case of notice is established by the certified copy of the defendant's driving record maintained by the Department of Highway Safety and Motor Vehicles. And that is at the end of the document. Um, in the second to last paragraph it states that notification is required by mail, but that that notice indicated on the record is sufficient.

Id. at 212-13. The trial judge denied the defense's motion for judgment of acquittal. Id. at 213. The motion for judgment of acquittal was later renewed and denied. Id. at 225.

As previously stated, Petitioner raised this claim on direct appeal, and the First District Court of Appeal per curiam affirmed

---

[5] The Court concluded:

> [I]n a prosecution under section 322.341, the State may make a sufficient prima facie showing that the defendant's license was permanently revoked and that he was given notice of the revocation by introducing a certified copy of the defendant's driving record maintained by the Department of Highway Safety and Motor Vehicles.

Miller, 830 So.2d at 215-16.

8

without issuing a written opinion.  Ex. G; Ex. I; Schreiner, 925 So.2d 316; Ex. J.  To the extent that the claim was raised in the federal constitutional sense, and to the extent that the federal constitutional claim was addressed on the merits, the state court's rejection of this ground is entitled to deference as required pursuant to AEDPA.  Upon review, it is clear that the state court's adjudication of the claim was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law.  Jackson v. Virginia, 443 U.S. 307 (1979).  Additionally, it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief.

The Due Process Clause of the Fourteenth Amendment requires the State to prove beyond a reasonable doubt each element of the offense charged.  Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998).  "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State."  Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)).  The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the

prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Thompson, 118 F.3d at 1448.

Defense counsel, in closing arguments, pointed out to the jury that Petitioner was not properly notified that his driving privilege or license was revoked. Tr. at 230-31, 234-35, 241-42. In response, the prosecutor, during closing argument, reminded the jury that the State had proven the three elements of the offense. Id. at 237-38. The prosecutor referred the jury to Ms. Damgard's testimony and the State's exhibit 1 (the redacted version of the certified copy of his official driving record) at page two, indicating that Petitioner was notified of the revocation on February 11, 2002. Id. at 238, 240. Thus, as argued by the prosecutor, the third element (notice) had been proven. Id. at 238.

The jury was instructed as follows:

> Ray Marvin Schreiner, the defendant in this case, has been accused of the crime of driving while license permanently revoked.
>
> . . . .
>
> To prove the crime of driving while his license or driving privilege is permanently revoked, the State must prove the following three [elements] beyond a reasonable doubt:
>
> 1. Ray Marvin Schreiner drove an automobile upon a highway in this state.
>
> 2. His license or driving privilege was revoked.

>             3. Notice of revocation was given to the
>     defendant.

Id. at 248.

Section 322.251(2) of the Florida Statutes states in pertinent part:

> The giving of notice and an order of cancellation, suspension, revocation, or disqualification by mail is complete upon expiration of 20 days after deposit in the United States mail.  Proof of the giving of notice and an order of cancellation, suspension, revocation, or disqualification in either such manner shall be made by entry in the records of the department that such notice was given.  Such entry shall be admissible in the courts of this state and shall constitute sufficient proof that such notice was given.

See also State v. Miller, 830 So.2d at 215 (stating that "notation of the giving of the notice in the DMV's records is sufficient proof that the notice was given").  This Court agrees with Respondents that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner committed the offense of driving while his license was permanently revoked.

Additionally, it is noteworthy that Petitioner Schreiner, at trial, did not challenge the sufficiency of the evidence based upon the notation of "00/00/00" in the certified copy of his official driving record.  The trial record does not contain any testimony regarding what the "00/00/00" meant on page two of the certified copy of his official driving record.  However, on direct appeal,

Petitioner's counsel speculated that the "00/00/00" designation/entry contained in the driving record meant that notice was not sent. Ex. G, Initial Brief at 15-17. This, however, directly contradicts that statements of Ms. Damgard who testified at the trial that notice was mailed to Petitioner on February 11, 2002, based on her review of the official driving record. Consequently, the trial court did not err in denying the motion for judgment of acquittal, and the appellate court's affirmance was not contrary to or an unreasonable application of federal law as Ms. Damgard's testimony provided sufficient evidence of the notice element for the conviction of driving while his license was permanently revoked. See Jackson v. Virginia, 443 U.S. 307. Petitioner is not entitled to relief.

Therefore, the Petition will be denied, and this case will be dismissed with prejudice.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #2) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sc 5/2
c:
Ray M. Schreiner
Ass't Attorney General (Guard)